# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEAL CHAMBERLAIN, GUARDIAN OF THE ESTATE OF BURTON FARTHING and BRENDA CHAMBERLAIN, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-86 |
| METROPOLITAN LIFE INSURANCE COMPANY, TRUSTEE OF THE GROUP INSURANCE TRUST FOR THE EMPLOYERS IN THE FINANCE, INSURANCE and REAL ESTATE INDUSTRY, | § § § § § § § § | |
| Defendant. | § | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiffs MICHEAL CHAMBERLAIN, Guardian of the Estate of Burton Farthing and Brenda Chamberlain, hereinafter referred to as "Plaintiffs," bring this ERISA action against Metropolitan Life Insurance Company, Trustee of the Group Insurance Trust for the Employers in the Finance, Insurance and Real Estate Industry, hereinafter referred to as "Defendant."  Plaintiffs bring this action to secure life insurance benefits to which they are entitled under a group accident policy underwritten and administered by Defendant.  Tamera L. Farthing (deceased) was covered under the policy by virtue of her employment with Exterran Energy Solutions, LP.  Micheal Chamberlain is the grandfather of Burton Farthing, Tamera L. Farthing's son.  He is also the guardian of the

Estate of Burton Farthering.   Brenda Chamberlain is the wife of Micheal Chamberlain

## PARTIES

2. Plaintiffs Micheal Chamberlain and Brenda Chamberlain are citizens and residents of Santa Fe, Texas.

3. Defendant is a properly organized business entity doing business in the State of Texas.

4. The group accident policy at issue in the case at bar was funded and administered by Defendant.

5. Defendant is a business entity doing business in the Southern District of Texas.  Defendant may be served with process by serving its registered agent, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America.  Specifically, Plaintiffs bring this action to enforce their rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by 29 U.S.C. §§ 1132, 1133, & 1140, and as further defined by I.R.C. § 62(e)(18).

7. Venue in the Southern District of Texas is proper by virtue of the Decedent's employment and Defendant's doing business in the Southern District of Texas.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Decedent has been a covered beneficiary under a group accident policy issued by Defendant at all times relevant to this action.

9. The group accident policy at issue was obtained by Decedent by virtue of

Decedent's employment with Exterran Energy Solutions, LP at the time of Decedent's death.

10.  Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11.  Defendant funds the Plan benefits.

12.  Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest

13.  Because of the conflict of interest described above, this Court should consider Defendant's decision to deny life insurance benefits as an important factor during its review in determining Defendant's abuse of discretion.

14.  Except as stated in Paragraph 15 below, benefit denials governed under ERISA are generally viewed by th courts under a *de novo* standard of review. <u>Firestone Tire & Rubber Co., v. Bruch,</u> *489 U.S. 101 (1989).*

15.  Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

16.  However, discretionary clauses are viewed unfavorably by many states. Several states, including Texas, have enacted statutes or regulations preventing plans from relying on an abuse of discretion standard of review. At least 23 states have enacted bans or restrictions on discretionary provisions in health and/or disability insurance policies. States with bans include: Alaska, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Maine, Michigan, Minnesota, Montana, New Hampshire,

New Jersey, New York, Oregon, Rhode Island, South Dakota, Utah, Vermont, Washington, and Wyoming.

17. ERISA does not preempt state bans on discretionary clauses because of the "savings clause". ERISA preempts "any and all State laws insofar as they…relate to any employee benefit plan". The "savings clause", however preserved "any law…which regulates insurance…". To fall within the savings clause, a state law must: Be specifically directed toward entities engages in insurance and substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Association of Health Plants, Inc. v. Miller* 538 U.S. 329, 342 (2003)

18. In Texas, for insurance policies, certificates or riders offered, issued, revewed or delivered on or about February 1, 2011 said "discretionary clauses" are prohibited under 1701.062(a) Texas Insurance Code.

19. Further, for insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

20. Plaintiffs contend that the Plan fails to give the Defendant said discretion or that the granting of said discretion is so vague as to be legally defective.

21. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish life insurance benefits according to the terms of the Plan.

### ADMINISTRATIVE APPEAL

22. Decedent died on May 1, 2015.

23. Plaintiffs filed for death benefits.

24. Plaintiffs' claim was initially denied by denied in a letter dated October 30, 2015.

25. Subsequently, Plaintiffs submitted administrative appeals of the denial of their claim in accordance with 29 U.S.C. § 1133.

26. In a letter dated February 1, 2016, Defendant provided Plaintiffs with a final denial of the claims.  As a result of the final determination, all administrative remedies have been exhausted and this matter is ripe for judicial review.

27. The policy defines the "AD&D" compensation to be $74,000.00.

28. The policy further defines "Supplemental/Optional AD&D compensation to be $400,000.00.

29. Within the policy, a "covered accident" is defined as a "sudden, unforeseeable, external event that results, directly and independently of all other causes, in a Covered Injury or Covered Loss and meets all of the following conditions: (1) occurs while the Covered Person is insured under this policy, (2) is not contributed to by disease, sickness, mental or bodily infirmity; and (3) is not otherwise excluded under the terms of this policy.

30. As a direct and proximate result thereof, based on the evidence submitted to Defendant, establishing that Plaintiff has met the policy definition of "accidental" death, Plaintiffs are entitled to payment of full benefits under the policy.

31. Defendant, in its final denial, discounted the opinions of Decedent's autopsy report, a consulting pathologists and the testimony of the medical examiner.   Therefore, Plaintiffs did not receive a full and fair review.

32. Plaintiffs have now exhausted their administrative remedies, and their claim

is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

33. After exhausting their administrative remedies, Defendant persists in denying Plaintiffs their rightfully owed accident benefits.

34. Decedent died as a result of pulmonary thromboemboli which developed in the leg that was fractured in the car accident which occurred on May 1, 2015.

35. The autopsy report listed the immediate cause of death to be pulmonary thromboemboli.

36. Decedent was in a car accident on May 1, 2015, where she fractured her right lower leg.

37. Later that day she developed a blood clot in the same leg and died.

38. Defendant denied benefits by claiming there was a contributing factor of "obesity".

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

39. Defendant has wrongfully denied life insurance benefits to Plaintiffs in violation of Plan provisions and ERISA for the following reasons:

    a. Decedent's death was caused by an automobile accident that resulted in a broken leg and subsequent blood clot in that same leg.;

    b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Decedent's cause of death was an automobile accident that resulted in a broken leg and subsequent blood clot in that same leg;

    c. Defendant's failure to acknowledge that said broken leg and blood

clot were caused by the automobile accident of May 1, 2015, and

d. Defendant has violated its contractual obligation to furnish accident death benefits to Plaintiffs.

**WHEREFORE, PLAINTIFFS PRAY THAT THE COURT:**

40. Grant Plaintiffs declaratory and injunctive relief and monetary damages, finding that they are entitled to accidental death benefits under the terms of the Plan, and that Defendant be ordered to pay accidental death benefits according to the terms of the Plan.

41. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial in providing coverage.

42. That the Court order the defendants to pay Plaintiffs prejudgment interest on all benefits that have accrued prior to the date of judgment.

43. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES, L.L.P.

By: ___/s/ Marc Whitehead___
    Marc S. Whitehead
       Tex. Bar No. 00785238
       Fed. I.D. No. 15465
    J. Anthony Vessel
       Tex. Bar. No. 24084019
       Fed. I.D. No. 1692384
    Britney Anne Heath McDonald
       Tex. Bar. No. 24083158
       Fed. I.D. No. 2621983
    5300 Memorial Drive, Suite 725
    Houston, Texas 77007

Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF
MICHEAL CHAMBERLAIN,
GUARDIANS OF THE ESTATE OF
BURTON FARTHING and
BRENDA CHAMERLAIN